UNITED STATES of America,
Plaintiff—Appellee,

v.

Randall Steven EICHERT,
Defendant—Appellant.

No. 05–50288.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2006.*

Decided Feb. 3, 2006.

Jason De Bretteville Criminal Division, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GOODWIN and FISHER, Circuit Judges.

MEMORANDUM **

Randall Steven Eichert appeals the district court's denial of his motion to suppress evidence obtained pursuant to a search warrant. Eichert entered a conditional guilty plea to one count of posses-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.  .

sion of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He conditioned his guilty plea on the outcome of this appeal in which he argues that the search warrant lacked sufficient indicia of probable cause requiring suppression of the seized evidence. Eichert claims that the affidavit used to obtain the search warrant was not supported by probable cause because the affidavit only referred to the newsgroup listings and media file names observed on his computer, and did not contain any express reference to child pornography.

The United States Supreme Court requires that an issuing magistrate make only a fact-specific, practical, and common sense determination, taking into account all of the circumstances set forth in the affidavit, whether there is a fair probability that evidence of a crime exists in a particular place. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There is no requirement, therefore, that an affidavit present conclusive proof by direct evidence that the crime has been committed before a search warrant can issue. Furthermore, this court affords great deference to an issuing judge's determination of probable cause. *See United States v. Hay,* 231 F.3d 630, 634 n. 4 (9th Cir.2000).

In this case, the affidavit stated that Eichert's computer screen displayed about 100 newsgroup listings, including newsgroups regarding "teens, preteen, sex, children and young girls." Also observed on Eichert's computer hard drives and storage media were files titled with girls' names and terms such as "teens, too young, early teens, preteens," and sex words. Based upon the information presented in the affidavit, the issuing judge had a substantial basis for concluding probable cause existed. *See Gates,* 462 U.S. at 238, 103 S.Ct. 2317. The district court's denial of Eichert's motion to suppress evidence found pursuant to the valid search warrant was proper.

AFFIRMED.